POOLE BROS. v. MARSHALL-JACKSON CO.

(Circuit Court of Appeals, Seventh Circuit.   April 13, 1909.)

No. 1,523.

PATENTS (§ 328*)—INFRINGEMENT—DESK CALENDAR.
  The Wilson patent, No. 585,944, claim 1, for a holder for desk calendars,
construed, and *held* not infringed.
  [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

Appeal from the Circuit Court of the United States for the Northern District of Illinois.

The appeal is from a decree dismissing the bill for want of equity.   The bill was to restrain infringement of Letters Patent No. 585,944, issued July 6th, 1897, to James R. Wilson, for certain new and useful improvements in Memorandum-Calendars.

Figure 1 of the patent is as follows:

The following is the descriptive portion of the patent relating to the seat upon which the leaves are finally turned up:

The filing-wires C are bent in their upper portions in such a manner as to afford an elevated support upon which the leaves of the pad may be accumulated by separating them from the pad and removing them upward and forward on the support in consecutive order as their dates are successively reached.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

As herein shown, said elevated support is conveniently formed by bending the wires C to afford downwardly and forwardly projecting portions $c^2$, and then reversely bending the wires to afford upwardly and forwardly projecting portions $c^3$.

Claim 1 of the patent is as follows:

1. A holder for desk-calendars, comprising a base for resting on the desk, and two seats for the calendar-leaves, one seat being upon the base and upwardly facing, and the other being carried by and elevated above the base and rearwardly facing, and means for guiding the leaves when moved between their two seats.

It was admitted at argument that unless claim 1 is infringed by appellee's device the patent is not infringed. Appellee's device is accurately described in counsel's brief as follows:

Appellee's device comprises a base-plate, the forward end of which rests directly upon the desk and the upper end of which is supported by feet so that the base-plate is inclined upwardly, and this plate is so formed that its rearward portion is at greater inclination from the horizontal than its lower portion. The plate itself is somewhat more than double the length of the sheets, and constitutes, therefore, both the lower and the upper seats. The filing wires are simply U-shaped staples having their ends fixed in the base plate. The sheets are pierced to receive and run upon these wires, and are transferred from the lower to the upper seat by being turned over the bow uniting the two legs of the filing wires.

The upper seat is elevated above the lower seat only in the sense that it is the upper end of an inclined plate, and is then tilted upward slightly relatively as to the lower seat. This difference in plane of the lower and upper seats cannot of itself be aptly defined as an elevation of one above the other.

The patents exhibited are as follows:

No. 170,585, Nov. 30, 1875, F. B. Perkins and W. S. Dodds.
No. 188,915, March 27, 1877, C. Jensen.
No. 196,776, Nov. 6, 1877, B. J. Beck.
No. 276,643, May 1, 1883, L. M. Switzler.
No. 286,736, Oct. 16, 1883, E. Shepard.
No. 337,470, March 9, 1886, A. Zumpe.
No. 375,545, Dec. 27, 1887, N. C. Fowler, Jr., & E. W. Pope.
No. 396,929, Jan. 29, 1889, C. H. Hammann.
No. 417,106, Dec. 10, 1889, H. P. Smith.
No. 454,559, June 23, 1891, J. R. Meadowcroft.
No. 458,474, Aug. 25, 1891, G. W. MacKenzie.
No. 489,599, Jan. 10, 1893, S. F. Baker.
No. 588,631, Aug. 24, 1897, H. Brown.
The further facts are stated in the opinion of the court.

For opinion below, see 161 Fed. 752.

Albert H. Graves, for appellant.
Louis K. Gillson, for appellee.

Before GROSSCUP, BAKER, and SEAMAN, Circuit Judges.

GROSSCUP, Circuit Judge (after stating the facts as above). The claim is for a holder for desk calendars comprising a base for resting on the desk, and two seats for the calendar leaves, one seat being upon the base, and upwardly facing, and the other (the seat to which the leaf is lifted) being carried by and elevated above the base, and rearwardly facing. Whether appellee's device infringes the claim or not, depends upon the meaning to be given to the phrase "elevated above the base" as applied to the seat not resting on the base; for if that phrase means the particular structure shown in figure 1, wherein the seat is not integral with the base except as it is attached thereto by the filing wires, appellee's calendar holder does

not infringe, for in its holder the corresponding seat rests upon the base.

We are of the opinion that the phrase "elevated above the base" as used by the patentee in his application, and as granted by the patent office, was meant as the construction of a seat not resting upon the base, or integral therewith, except as connected by the filing wires. The previous art, it seems to us, makes this interpretation imperative, for in that art there are memorandum calendars in every essential respect like the appellee's calendar, except that the second seat is not raised quite so high as appellee's calendar—the only difference being a slight change of angle—a thing that could not exist consistently with the granting of a patent to Wilson broad enough to cover the appellee's device, unless the patent office held that there was patentability in this slight change of angle, an assumption that we do not think warranted.

The descriptive portion of the patent, set out in the statement of facts, shows, also, that this must have been the mind of the patentee, for making no mention of the "elevated support" as resting upon, or being integral with, the base, he describes it as "formed," by bending the wires downwardly and forwardly, and then upwardly and forwardly; "formed" being meant evidently not only to describe the form the seat should take, but also the character of its construction.

Upon this interpretation of claim 1, the decree of the Circuit Court finding that there was no infringement, is without error.

Affirmed.